WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerrod Len B. B. Booth,<br><br>Plaintiff,<br><br>v.<br><br>Inmate Legal Services; Joseph M. Arpaio; Timothy Overton,<br><br>Defendants. | No. CV-12-982-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which will be granted. The Court will screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Pursuant to that screening Plaintiff's complaint is dismissed.

**I.      Screening Complaint Under 28 U.S.C. § 1915(e)(2)**

   **A.  Legal Standards**

      **1. 28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how

§prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings not just those filed by prisoners. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious."

"[A] complaint, containing both factual allegations and legal conclusions is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King,* 398 F.3d 1113, 1121 (9th Cir. 2005).

## 2. As Pleaded Plaintiff's Complaint Fails to State a Claim

Plaintiff in this case has filed the Complaint on his own behalf. Reading the Complaint liberally, as this Court is obliged to do, it brings § 1983 claims against Timothy Overton, Sheriff Joe Arpaio and Inmate Legal Services. The claims are based on the alleged denial to Plaintiff of his access to the Court by refusing to mail two letters Plaintiff sent to Volunteer Lawyers Program of Southern Az., and Southern Arizona Legal Aid. Plaintiff alleges that in mailing these letters he was seeking legal advice and that the Defendants' failure to mail them "resulted in Plaintiff's being convicted and sentenced to 3.75 years in prison," for which he seeks "monetary damages in whatever amount the Court deems appropriate."

Plaintiff cannot bring any § 1983 causes of action against state actors based on any conduct or proceedings that would imply the invalidity of his criminal conviction unless that conviction has been otherwise invalidated.

> When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the

>conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

To the extent that in the context of this § 1983 action Plaintiff now contests that he was deprived of his right to access the Courts, and that such deprivation resulted in his wrongful conviction(s) for which he seeks compensation, such claims necessarily imply the invalidity of Plaintiff's conviction. According to the law, therefore, Plaintiff cannot raise such claims in a § 1983 action absent the invalidation of Plaintiff's convictions. Thus, for the reasons stated above, the complaint fails to state a claim and, as such, is dismissed.

### 3. Leave to Amend

Plaintiff will be given an opportunity, if he so chooses, to amend his complaint. In the amended complaint, Plaintiff must state claims for which he has a right to recovery. He must state what rights he believes were violated, the name of the person, persons, or entities who committed each violation, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the other person's conduct. *See Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976), Each claim of an alleged violation must be set forth in a separate count. The complaint must also state why the federal court has jurisdiction over Plaintiff's claims. Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8(a) and (d)(1) of the Federal Rules of Civil Procedure.

Plaintiff is advised that if he elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry,* 84 F.3d at 1177 (affirming dismissal with prejudice of amended complaint that did not comply with rule 8(a)); *Nevijel v. North Coast Life Ins.*

*Co.,* 651 F.2d 671, 673-74 (9th Cir. 1965)(affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) Plaintiff's Complaint is dismissed for failure to comply with Rule 8, with leave to file an amended complaint by **June 15, 2012**.

**IT IS FURTHER ORDERED** that, if Plaintiff elects not to file an amended complaint by **June 15, 2012**, the Clerk shall dismiss this action without further Order of the Court.

**IT IS FURTHER ORDERED** that, if Plaintiff elects to file an amended complaint the complaint may not be served until and unless the Court screens the amended complaint pursuant to 18 U.S.C. § 1915(e)(2).

Dated this 16th day of May, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge